# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

THEODORE COBBS,       )    CIVIL ACTION NO. 9:15-3038-MBS-BM
                           )
           Petitioner,    )
                           )
v.                    )    **REPORT AND RECOMMENDATION**
                           )
WARDEN LARRY CARTLEDGE, )
                           )
          Respondent.  )
                           )

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on July 27, 2015.[1]

On February 5, 2016, Respondent filed a motion for summary judgment based in part on Petitioner's failure to properly exhaust the majority of his claims in state court. As the Petitioner is proceeding pro se, a Roseboro order was entered on February 8, 2016, advising Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

After receiving an extension of time to respond, on March 21, 2016, Petitioner filed a motion to amend/correct requesting to delete his unexhausted claims with the right to amend to add them back after exhausting them in state court. On that same date, Petitioner also filed a motion to

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



1

stay this action while he exhausted his state court remedies, citing <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). The Respondent filed a response in opposition to the motion to amend and motion to stay on April 7, 2016. On May 4, 2016, the undersigned entered an order denying Petitioner's motion to stay and denying, without prejudice, Petitioner's motion to amend. <u>See</u> Order filed on May 4, 2016. The Court also gave Petitioner additional time to file a supplemental memorandum in opposition to summary judgment, if he desired to do so.

After receiving an extension of time, Petitioner filed a supplemental memorandum in opposition to summary judgment on May 31, 2016. This matter is now before the Court for disposition.[2]

## **Procedural History**

Petitioner was indicted in Charleston County in May 2008 on five counts of criminal sexual conduct with a minor in the first degree, eight counts of criminal sexual conduct with a minor in the second degree, and two counts of unlawful conduct toward a child. (R.pp. 4-5, 945, 1288-1289, 1346, 1351-1352, 1355, 1359-1360, 1365-1366, 1368-1369, 1371-1372, 1374-1375, 1380-1381, 1383-1384, 1386-1387, 1389-1390). Petitioner was represented by Carl B. Grant, Esquire, and Eduardo Curry, Esquire, at a jury trial on September 15-19, 2008. (R.pp. 1-1176). At the close of the State's case, the trial judge directed verdicts of acquittal on one count of criminal sexual conduct with a minor in the first degree [Indictment No. 2008-GS-10-3738] and one count of criminal sexual conduct with a minor, second degree [Indictment No. 2008-GS-10-3741], finding those charges failed

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2

as a matter of law. (R.pp. 942-945). However, the trial judge denied the directed verdict motion on the remaining thirteen indictments, finding evidence to support submission of the charges to the jury. (R.p. 945). The jury then found the Petitioner guilty as charged on the remaining thirteen counts. (R.pp. 1127-1129). Petitioner was sentenced to twenty-eight (28) years imprisonment for the first count of criminal sexual conduct with a minor first degree, ten (10) years, consecutive, on the first count of criminal sexual conduct with a minor second degree, ten (10) years, concurrent, on each of the unlawful conduct toward a child indictments, and twenty (20) years, concurrent, on each of the remaining charges. (R.pp. 1175, 1345, 1347, 1353, 1356-1358, 1364, 1367, 1370, 1373, 1379, 1382, 1385, 1388, 1391-1401). On September 24, 2008, Petitioner moved for a new trial based on denial of evidentiary rules. (R.pp. 1288-1289). According to the Charleston County Clerk of Court website, an Order denying the motion was entered on October 14, 2008. (See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails (2008GS1003722)(last checked 6/13/2016).

Petitioner filed a direct appeal in which he was represented by Joseph L. Savitz, III, Senior Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Counsel raised the following issue in this appeal:

> The trial judge committed reversible error by refusing to allow the defense to introduce a compilation of home movie clips rebutting the State's contention that the complainants did not report the abuse sooner because [Petitioner] kept them isolated and controlled every aspect of their lives.

See Respondent's Attachment 2, p. 3.

On June 30, 2011, the South Carolina Court of Appeals entered an order finding that even if the trial judge erred by not allowing into evidence Petitioner's offered home movie clips, any such error was



3

harmless and affirming Petitioner's conviction. See Respondent's Attachment 4.  Petitioner did not seek rehearing or further review by the Supreme Court of South Carolina. On July 28, 2011, the South Carolina Court of Appeals issued the remittitur.  See See Respondent's Attachment 5.

On January 30, 2012, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Cobbs v. State of South Carolina, No. 2012-CP-10-684; raising the following issues:

**Ground One**: Ineffective Assistance of Trial Counsel.

**Ground Two**: Ineffective Assistance of Appellate Counsel.

**Ground Three**: Prosecutorial Misconduct.

(R.pp. 1269, 1272, 1299).

Petitioner was represented in his APCR by Charles T. Brooks, III, Esquire, who filed a memorandum in support of the application on February 11, 2013.  (R.p. 1298-1310).  An evidentiary hearing was held on Petitioner's application on May 20, 2013.  (R.p. 1179-1268).  On May 30, 2013, before the formal order was issued, Petitioner filed a pro se motion to alter or amend, in which he primarily complained about the representation afforded by his appointed PCR counsel.  (R.pp. 1317-1321).[3] The PCR judge denied the motion as premature by order dated July 10, 2013 (filed on July 11, 2013).  (R.pp. 1342-1343).  In a separate order also filed on July 11, 2013, the PCR judge denied relief on the APCR in its entirety.  (R.pp. 1328-1341).

Petitioner filed a PCR appeal in which he was represented by Brooks R. Fudenberg, Esquire.  Counsel raised the following issues:

---

[3]Petitioner's motion was apparently based on the PCR Judge's oral ruling from the bench during the hearing.  (R.p. 1317).



4

**Ground One**: Did the lower court err in allowing [Petitioner's] counsel to conduct the PCR hearing without first hearing [Petitioner's] motion to have counsel removed?

**Ground Two**: Must Prejudice be shown where a PCR Hearing is conducted without a hearing on a timely motion to remove counsel?

**Ground Three**: Where a criminal complaint [sic] testified that Petitioner had been raping her on a regular basis, and a physician, having been subpoenaed by the opposing side, testified *in camera* that her examination had shown the hymen to be intact, was it ineffective to fail to call the physician to tell the jury the hymen was intact?

<u>See</u> Respondent's Attachment 6, p. 1.

After the Respondent filed a memorandum in opposition and the Petitioner replied, the S.C. Supreme Court entered an order on May 20, 2015, denying the Petition. <u>See</u> Respondent's Attachments 7-9. On June 18, 2015, the Supreme Court denied Petitioner's petition for rehearing and issued the remittitur. <u>See</u> Respondent's Attachments 10-12.

   In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One:** Ineffective Assistance of Trial Counsel in violation of the United States Constitution[]s Sixth Amendment.

**Supporting Facts:** Trial Counsel[] failed to adequately prepare for trial: (1)(a) Motion to Suppress evidence related to pointing & presenting a firearm. (1)(B) failure to prepare to satisfy the procedural requirements for the introduction of exculpatory evidence under the sexual disease exception of the rape shield statute. (1)(C) Motion to exclude bad act evidence. (1)(D) failure to prepare for the introduction of exculpatory evidence concerning results of gynecological examination of one of victims. See Attached Brief & Memorandum In Support of Said claims.

**Ground Two:** Ineffective Assistance of Appellate Counsel in violation of the United States Constitution[]s Sixth & Fourteenth Amendments.

**Supporting Facts:** The trial counsel preserved the following issues &



5

appellate counsel failed to raise them on direct appeal: The Trial Judge erred - by allowing over defense counsel's objections the introduction of extensive testimony concerning "subsequent bad acts" that allegedly occurred in another jurisdiction: By allowing over defense counsel's objections the introduction of evidence relating to the uncharged offense of "pointing and presenting a firearm"; and the trial judge also erred in overruling defense's objection without curative action upon a prejudicial question put to a witness that was outside the scope of re-direct examination. See attached brief & memorandum in support of said claims.

**Ground Three:** Petitioner's United States Constitutional Rights of Due Process of law was violated by acts of prosecutorial misconduct at my trial.

    **Supporting Facts:** See attached brief & memorandum in support of said claims.

**Ground Four:** Petitioner was denied effective assistance of trial counsel and due process of law in violation of the United States Constitution[]s Sixth & Fourteenth Amendments.

    **Supporting Facts:** The following was presented to the lower court: Did the lower court err in allowing Petitioner's PCR counsel to conduct the PCR hearing without first hearing Petitioner's motion to have counsel removed? [sic] must prejudice be shown where a PCR hearing is conducted without a hearing on a timely motion to remove counsel? Where a criminal complaint [sic] testified that Petitioner had been raping her on a regular basis, and a physician, having been subpoenaed by the opposing side, testified in camera that her examination had shown the hymen to be intact, was it ineffective assistance to fail to call the physician to tell the jury the hymen was intact? See Attached Brief in support of said claims.

<u>See</u> Petition, pp. 6, 8-9, 11.

## **Discussion**

    Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter



6

of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow for the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

In his Ground One, Petitioner contends that his trial counsel was ineffective for failing to prepare for trial, while in Ground Two Petitioner contends that his appellate counsel was ineffective for failing to raise certain issues in his direct appeal. Petitioner raised both Grounds One and Two in his PCR proceedings, and they were ruled on by the PCR court. (R.pp. 1330-1349). However, Grounds One and Two were not raised or presented in his PCR appeal. See Petition for Writ of Certiorari, p. 1 [Court Docket No. 23-11, p. 4]. As for Ground Three, Petitioner did not raise his Ground Three prosecutorial misconduct claim on direct appeal. See Respondent's Attachment 2, p. 3. Instead, he attempted to raise it in his PCR application, but then abandoned this claim at the hearing and failed to obtain a ruling on this allegation from the state PCR court. (R.pp. 1281, 1330); see also generally (R.pp. 1329-1341). Petitioner's failure to file a motion to reconsider requesting the PCR Court to specifically address this issue constitutes a default of this claim.[4] See White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423

---

[4]Petitioner's motion to reconsider would not have preserved this issue since it was dismissed as being premature. In any event, it did not even include his prosecutorial misconduct claim.

S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); cf. State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."]; Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008); Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner did not file a motion to alter or amend to request a ruling in regard to the issue]. Petitioner also did not in any event pursue this issue in his PCR appeal.

Hence, since Petitioner did not properly pursue Grounds One-Three of this Petition in his state court proceedings, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion



8

requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

In his supplemental response in opposition, Petitioner argues that since "the State concedes that petitioner nonetheless technically meets the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) . . . ." he has "properly presented his claims to the state court . . . ." See Court Docket 43-1, p. 3.   However, even though otherwise exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in state court, federal habeas review of these claims are now precluded absent a showing of cause and prejudice, or actual innocence. ; Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, supra; Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

It appears that Petitioner may be arguing, as "cause" for why he should be allowed to pursue these claims, that any default is due to the ineffective assistance of his PCR counsel (as to Ground Three) and his PCR appellate counsel (as to Grounds One and Two).  The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the



State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)["[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"]; Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).

Even so, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and ineffective assistance of PCR counsel (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and ordinarily would not therefore constitute "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

However, in Martinez the Supreme Court did carve out a "narrow exception" that



modified

> "the unqualified statement in <u>Coleman</u> that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." <u>Martinez</u>, 566 U.S. at __, 132 S.Ct. at 1315. [F]or three reasons. First, the "right to the effective assistance of counsel at trial is a bedrock principle in our justice system . . . . Indeed, the right to counsel is the foundation for our adversary system." <u>Id</u>. at ___, 132 S.Ct. at 1317.
>
> Second, ineffective assistance of counsel on *direct appellate review* could amount to "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim. <u>Id</u>. at ___, 132 S.Ct. at 1316, 1317. But States often have good reasons for initially reviewing claims of ineffective assistance of trial counsel during state collateral proceedings rather than on direct appellate review. <u>Id</u>. at ___, 132 S.Ct. at 1317-1318. That is because review of such a claim normally requires a different attorney, because it often "depend[s] on evidence outside the trial record," and because efforts to expand the record on direct appeal may run afoul of "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to investigate the ineffective-assistance claim." <u>Id</u>. at ___, 132 S.Ct. at 1318.
>
> Third, where the State consequently channels initial review of this constitutional claim to collateral proceedings, a lawyer's failure to raise an ineffective assistance of counsel claim during initial-review collateral proceedings, could (were <u>Coleman</u> read broadly) deprive a defendant of any review of that claim at all. <u>Martinez</u>, <u>supr a</u> at ___, 132 S.Ct. at 1316.
>
> We consequently read <u>Coleman</u> as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." <u>Martinez</u>, <u>supra</u> at ___, 132 S.Ct. at 1318-1319, 1320-1321.

<u>Trevino v. Thaler</u>, 133 S.Ct. 1911, 1917-1918 (2013); <u>see also</u> <u>Gray v. Pearson</u>, 526 Fed. Appx. 331, 333 (4th Cir. June 7, 2013)["The Supreme Court had previously held in <u>Coleman</u> that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post conviction counsel *cannot* establish 'cause' to excuse a procedural default.



Coleman, 501 U.S. at 757. The Court established an exception to that rule in Martinez."] Therefore, because, under South Carolina law, a claim of ineffective assistance of trial and/or appellate counsel is raised in an APCR; cf. State v. Felder, 351 S.E.2d 852 (S.C. 1986); Bryant v. Reynolds, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); Gray, 526 Fed.Appx. at 333, at fn *; a claim for ineffective assistance of PCR counsel as "cause"for a procedural default can been considered under the revised standard of Martinez and Trevino.

However, the Martinez exception only applies to initial PCR counsel. Ineffective assistance of PCR *appellate* counsel, as opposed to initial PCR counsel, is not cause for a default. Martinez, 132 S.Ct. at 1316; see Johnson v. Warden of Broad River Corr., No. 12-7270, 2013 WL 856731 at * 1 (4th Cir. Mar. 8, 2013)[PCR appellate counsel error cannot constitute cause under Martinez exception]; Cross v. Stevenson, No. 11-2874, 2013 WL 1207067 at * 3 (D.S.C. Mar. 25, 2013)["*Martinez* . . . does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."](quoting Martinez, 132 S.Ct. at 1320); Rodriguez v. Padula, No. 11-1297, 2014 WL 1912345 at * 7 (D.S.C. May 12, 2014);Johnson v. Cartledge, No. 12-1536, 2014WL 1159591 at *10 (D.S.C. Mar. 21, 2014](same); Abney v. Warden, Perry Corr. Inst., No. 14-4084, 2015WL 5783295 at * 23 (D.S.C. Sept. 29, 2015)["Under *Martinez*, ineffective assistance of initial PCR counsel, not appellate PCR counsel, may constitute cause for a procedural default."]; Lewis v. Williams, No. 12-3214, 2013 WL 3929993 at *4 (C.D.Ill. July 29, 2013)[Ineffective assistance of PCR appellate counsel is not a ground for relief under § 2254]; Flowers v. Norris, No.

07-197, 2008 WL 5401675 at * 11 (E.D.Ark. Dec. 23, 2008)[same].   Therefore, since Petitioner's

alleged "cause" for not properly raising Grounds One and Two in his PCR appeal is based on

ineffective assistance of PCR appellate counsel, Petitioner has not shown the necessary cause to

proceed with Grounds One and Two of this Petition. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th

Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice

without cause gets a defaulted claim into Federal Court."].   As such, since these claims are

procedurally barred from consideration by this Court, they must be dismissed. Id.; see 28 U.S.C. §

2254; see also discussion, supra.

       With regard to Ground Three, the undersigned finds that Petitioner's claim of

ineffective assistance of PCR counsel as "cause"for his default of this claim cannot save this claim

from the procedural bar, as it was not presented as an ineffective assistance of counsel claim (for trial

counsel not having raised this issue). Martinez, 132 S.T. at 1318-1319 [To fall under the Martinez

exception, PCR counsel must have failed to raise a "substantial" claim of "ineffective assistance of

trial counsel"].   Rather, it has been presented as a straight prosecutorial misconduct claim, which is

a direct appeal issue.

>       Under South Carolina law, "[i]ssues that could have been raised at trial or on direct
>       appeal cannot be asserted in an application for post-conviction relief . . . ." Drayton
>       v. Evatt, 430 S.E.2d 517, 520 (S.C. 1993)(citing Hyman v. State, 299 S.E.2d 330
>       (S.C. 1983)). Prosecutorial misconduct is such an issue. See, e.g. State v. Inman, 720
>       S.E.2d 31, 43-45 (S.C. 2011)(addressing, on direct appeal, trial judge's finding that
>       prosecutors engaged in misconduct by intimidating witness).

See Portee v. Stevenson, No. 15-487, 2016 WL 690871 at * 2 (D.S.C. Feb. 22, 2016).

Hence, although Petitioner's PCR counsel  raised a claim of prosecutorial misconduct in his PCR

application, that was not the proper proceeding to do so.  Therefore, even if Petitioner's counsel had



13

attempted to pursue such a claim in the PCR proceedings either at the hearing or by seeking a subsequent ruling on this issue, any such attempt would have been futile. Portee, 2016 WL 690871, at * 2.   As such, Petitioner has not shown how his PCR counsel was "deficient" for not having pursued this matter before the PCR Court. Trevino, 133 S.Ct. at 1917-1918.

Finally, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered.  Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496).  Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004).  Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges on which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim).  Cf. Prieto, 791 F.3d at 472-473 [Even in a habeas case where the petitioner is challenging his death sentence, the Fourth Circuit has emphasized the fundamental miscarriage of justice exception imposes a demanding burden and provides relief only in extraordinary circumstances]; Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp.



14

876, 881 (S.D.Fla. 1995).

Therefore, Grounds One, Two, and Three for relief asserted by Petitioner in this habeas petition are procedurally barred from consideration by this Court and must be dismissed. Id.; see 28 U.S.C. § 2254; see also discussion, supra.

**II.**

Ground Four contains allegations regarding deficiencies in Petitioner's PCR proceedings, as well as a claim of ineffective assistance of trial counsel.

With respect to Petitioner's complaints about how his PCR proceeding was conducted, alleged infirmities in state PCR proceeding are not a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir.1988) [claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.1995), cert. denied, 518 U.S. 1–22(1996)["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief...."]; Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir.1987) (per curiam) ["Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas relief."]. Further, while (as previously discussed) the conduct of PCR counsel can constitute "cause" for a default of an *underlying claim* under certain circumstances, it is not itself an independent claim. See also 28 U.S.C. § 2254(i)["The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."]; Martinez, 565 U.S. at ___, 132 S.Ct. at 1320 [acknowledging that § 2254(i) precludes [a habeas petition] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'"](quoting Holland v. Florida, 130 S.Ct. 2549, 2563 (2010)); Auls v. Cohen, No. 11-2930, 2013 WL 496239 at *3 (D.S.C. Feb. 6,



15

2013)[finding allegation "PCR counsel was ineffective . . . is not a proper basis for a § 2254 petition," citing 28 U.S.C. § 2254(i)]. Therefore, Petitioner has failed to state a basis for federal habeas relief based on any alleged ineffective assistance of counsel in his PCR proceeding or the PCR court's alleged error(s), even if he had pursued those claims in state court. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) [errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief]; Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.1998) [alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action]; Nichols, 69 F.3d at 1275.

Finally, Petitioner also asserts in Ground Four that "[w]here a criminal complaint [sic] testified that Petitioner had been raping her on a regular basis, and a physician, having been subpoenaed by the opposing side, testified in camera that her examination had shown the hymen to be intact, was it ineffective assistance [of trial counsel] to fail to call the physician to tell the Jury the hymen was intact?" Petitioner raised this issue in his APCR, where Petitioner had the burden of proving the allegations in his petition. See Cobbs v. State of South Carolina, No. 2012-CP-10-684. See also Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR Court denied this claim, and the state Supreme Court also denied Petitioner's appeal of his APCR on this issue. See (R.pp. 1328-1341). See also Respondent's Attachments 7-9. Therefore, this claim was exhausted at the state level and is properly before this federal court for review.

The PCR judge found[5] that: 1) Petitioner testified that his attorneys should have brought in a doctor to discuss the victim's intact hymen; 2) Attorney Curry testified at the PCR

---

[5]The PCR judge also made findings on additional issues. (R.pp. 1328-1341). Since those other findings are not relevant to the undersigned's findings in this opinion, they are not discussed herein.

proceeding that he was second chair at Petitioner's trial; 3) Curry testified that he had been practicing law for twenty-three (23) years; 4) Curry testified that he reviewed all the evidence with the Petitioner; 5) Curry stated that he discussed the elements of the charges, potential defenses, the potential penalty, and Petitioner's version of the facts; 6) Curry testified this case was unique because the Petitioner had control and access to his entire family; 7) Curry testified that there was a plethora of evidence against the Petitioner, and several witnesses who recounted specific incidents of sexual activity with the Petitioner when they were kids; 8) Curry testified the Petitioner was alleged to have abused both the mother and children; 9) further, he testified there was evidence of Petitioner's controlling nature regarding the household and the mother's tendency to look away and inability to protect her minor children; 10) Curry testified that there was not a lot of forensics involved in the Petitioner's case since a lot of time had passed since the abuse was alleged to have begun; 11) Curry testified his investigation involved looking for potential witnesses and investigating the hymen issue; 12) Curry testified further that presenting the jury with testimony about the victim's hymen could have worked for or against the Petitioner; 13) Curry testified that he fully discussed these pros and cons regarding this issue with the Petitioner; 14) Curry testified that there was a discrepancy about the victim's hymen being torn and as a trial strategy they chose not to present that evidence;

15) Attorney Grant testified at the PCR hearing that he had been practicing law for twenty-eight years and was retained to represent the Petitioner; 16) Grant testified that he met with the Petitioner approximately fifteen times and hired Curry after additional charges were brought against the Petitioner; 17) Grant testified that they discussed the herpes and hymen issue and concluded the case was about the credibility of the witnesses; 18) Curry testified that they did not need an expert to testify about the victim's hymen; 19) Curry testified that the state's witnesses were



17

very compelling and so convincing that the jury was crying; 20) the Petitioner failed to carry his burden of proving counsel was ineffective for failing to present expert witness testimony on the victim's herpes and intact hymen; 21) counsel provided credible testimony that they made a strategic decision not to present this evidence at trial; 22) Petitioner presented no good faith basis for counsel to have presented evidence of the victim's untorn hymen at trial and it is unlikely their decision to not present such testimony affected the outcome of the trial; 23) the PCR court found credible counsel's testimony that the Petitioner had no independent corroboration on this issue and only had his memory and no basis for scientific support; 24) counsel's decision not to present this testimony to the jury was valid; 25) Petitioner did not show counsel failed to render reasonably effective assistance under prevailing professional norms; and 26) Petitioner failed to show he was prejudiced by trial counsel's performance.  (R.pp. 1333-1339).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d at 311-312 ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the

18



issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.
Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th
Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th
Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance
of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review
is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the
Supreme Court in Williams v. Taylor, 529 U.S. 362.  See Bell v. Jarvis, supra; see also Evans, 220
F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim
adjudicated on the merits in state court proceedings only where such adjudication "resulted in a
decision that was contrary to, or involved an unreasonable application of, clearly established federal
law, as determined by the Supreme Court of the United States", or "resulted in a decision that was
based on an unreasonable determination of the facts in light of the evidence presented in the State
court proceeding"].  As noted by the Supreme Court, the

> AEDPA's standard is intentionally " ' "difficult to meet." ' " White v. Woodall, 572
> U.S. ___, 134 S.Ct. 1697, 1702 (2014) (quoting Metrish v. Lancaster, 569 U.S. ___,
> 133 S.Ct. 1781, 1786 (2013)).  We have explained that " 'clearly established Federal
> law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta,
> of this Court's decisions." White, 572 U.S., at ___, 134 S.Ct., at 1702 (some internal
> quotation marks omitted). "And an 'unreasonable application of' those holdings must
> be objectively unreasonable, not merely wrong; even clear error will not suffice." Id.,
> at ___, 134 S.Ct., at 1702 (same). To satisfy this high bar, a habeas petitioner is
> required to "show that the state court's ruling on the claim being presented in federal
> court was so lacking in justification that there was an error well understood and
> comprehended in existing law beyond any possibility for fairminded disagreement."
> Harrington v. Richter, 562 U.S. 86 (2011).
>
> Adherence to these principles serves important interests of federalism and comity.
> AEDPA's requirements reflect a "presumption that state courts know and follow the
> law." Woodford v. Visciotti, 537 U.S. 19, 24(2002) (per curiam). When reviewing
> state criminal convictions on collateral review, federal judges are required to afford



19

state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, supra, at 102–103, 131 S.Ct. 770 (internal quotation marks omitted). This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be " ' "doubly deferential" ' " in order to afford "both the state court and the defense attorney the benefit of the doubt." Burt v. Titlow, 571 U.S. ___, 134 S.Ct. 10, 13 (2013) (quoting Cullen v. Pinholster, 563 U.S. 170, ___, 131 S.Ct. 1388, 1403 (2011)).

Woods v. Donald, 135 S.Ct. 1372, 1376 (2015).

Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996). As discussed hereinbelow, Petitioner has failed to meet his burden of showing that his trial counsel was ineffective under this standard. Smith v North Carolina, 528 F.2d 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

20

Petitioner testified at the PCR hearing that he believed one of the victims had been examined at some point and that her hymen was still intact. (R.pp. 1195-1196). Petitioner opined that this evidence should have been pursued by calling in a doctor to "talk about the situation." (R.pp. 1196-1197). The record reflects that during an *in camera* hearing at his trial, Dr. Sara Schuh testified that she examined one of the child victims in 1998 and that the photographs taken at that time and which she reviewed showed no evidence of "bruising or tears but lesions typical of herpes simplex virus or what would be called genital herpes." (R.p. 202). Curry asked Dr. Schuh during this *in camera* proceeding as a "follow up" if she was saying that there was no evidence of bruising or tears, to which she responded that she did not see any. (R.p. 204). She also testified that the child had type one herpes, which is similar to fever blisters. (R.pp. 205-206). Curry testified at the PCR hearing that he was "perplexed" about the hymen issue, and that he and Petitioner spoke personally about how it could work for or against him. (R.p. 1225). Curry testified that there was a problem as to whether or not the hymen was ever displaced or torn, and that some of the things that Petitioner was recounting to counsel was only from his memory and there was no factual medical evidence to support it. Further, with respect to the herpes question, although Petitioner claimed he did not have herpes, he refused to be tested. (R.p. 1225). Curry testified that this issue was really "cloudy" and that it was their trial strategy not to present it. (R.p. 1226). Curry also testified that there was some conflict with regard to the testimony of the allegations in the case, and about the uniqueness of the case since Petitioner had control and access to all the members of this family: the mother, the daughters, and the son. (R.p. 1210). Grant testified that he was also involved in the discussion about whether to raise an issue about STDs or the hymen of any of the alleged victims, and reiterated that the case was about credibility. (R.p. 1233).



The PCR court found that counsel's strategy not to raise the issue of one of the victim's hymen was not ineffective assistance of counsel, and the South Carolina Supreme Court also denied relief on this claim.  See <u>Cobbs  v. State of South Carolina</u>, (filed on May 20, 2015).  See Respondent's Attachments 7-9.  The PCR court further found that Petitioner did not show that he was prejudiced by this issue not being raised.  Petitioner has failed to demonstrate any reversible error in these findings.  Although Petitioner speculates that if his counsel would have raised the issue of the hymen, that would have affected the outcome of the case, his conclusory and self-serving claims are insufficient to show his counsel was ineffective.  While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 689.  There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. <u>Id</u>. at 688-689; <u>Bunch v. Thompson</u>, 949 F.2d 1354 (4th Cir. 1991), <u>cert</u>. <u>denied</u>, 505 U.S. 1230 (1992); <u>Horne v. Peyton</u>, 356 F.2d 631, 633 (4th Cir. 1966), <u>cert</u>. <u>denied</u>, 385 U.S. 863 (1966); <u>Burger v. Kemp</u>, 483 U.S. 776 (1987); <u>see also</u> <u>Harris v. Dugger</u>, 874 F.2d 756, 762 (11th Cir. 1989), <u>cert</u>. <u>denied</u>, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.]

Nor has Petitioner shown the necessary prejudice with regard to this claim. <u>Evans</u>, 220 F.3d at 312; <u>Williams v. Taylor</u>, <u>supra</u>; <u>Strickland v. Washington</u>, <u>supra</u>.  As the Respondent points out, the *in camera* testimony of Dr. Schuh appears to address only one of the two witnesses, and only at one point in time. (R.pp. 200-203)  Respondent also argues that since the abuse went on so long and increased in severity, Petitioner has failed to establish the helpfulness of this information, citing



22

to counsel's testimony that "[s]o much time had gone by." See Memorandum in Support of Summary Judgment, p. 24. In any event, Petitioner did not present an expert or any document in the PCR proceeding or in this habeas proceeding to challenge counsel's testimony about his strategy and how this potential evidence could have worked either for or against him. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990); cf. Bannister v. State, 509 S.E.2d 807, 809 (S.C. 1998) ["This Court has repeatedly held a PCR applicant *must* produce the testimony of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial."]; Lorenzen v. State, 657 S.E.2d 771, 776–777 (S.C. 2008)[Finding that Defendant's contention that expert testimony would have helped his case was merely speculative where he called no expert to testify]; Dempsey v. State, 610 S.E.2d 812, 814 (2015)[concluding that a finding of prejudice is merely speculative where a PCR applicant fails to have an expert testify at the PCR hearing]; Kibler v. State, 227 S.E.2d 199, 202 (S.C. 1996)[the Court will not speculate concerning what might have occurred if counsel had conduct further investigation]; Clark v. State, 434 S.E.2d 266, 267–268 (S.C. 1993)[pure conjecture as to what a witness' testimony would have been is not sufficient to show a reasonable probability the result at trial would have been different].

Accordingly, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1)

[determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

June **26**, 2016
Charleston, South Carolina

24

p 24

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

· **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

